IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGE MAY                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO.:  4:13cv64-DMB-DAS

MDOC, DR. THOMAS LEHMAN, AND
DR. LORENZO CABE                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate housed at the Mississippi State Penitentiary at Parchman, Mississippi, who is proceeding pro se and *in forma pauperis* in this action, filed suit under 42 U.S.C. § 1983 against the Mississippi Department of Corrections ("MDOC"), Dr. Thomas Lehman, and Dr. Lorenzo Cabe, claiming that they were deliberately indifferent to his serious medical needs. Defendant MDOC has filed a motion to dismiss the lawsuit, alleging immunity from suit under the Eleventh Amendment. Defendants Dr. Thomas Lehman and Dr. Lorenzo Cabe have filed a motion for summary judgment, to which Plaintiff has responded. Having fully considered the submissions of the parties and the applicable law, the Court finds that Defendants' motions should both be granted for the reasons that follow.

**Plaintiff's Allegations**

Plaintiff maintains that he was prescribed medication and placed on a special diet after he was diagnosed with diabetes in 2008. He alleges that he was also informed by medical professionals that he would require special footwear to alleviate pain and improve circulation. He contends that he wore diabetic shoes in the free world, and that he applied for diabetic shoes once he was incarcerated. He alleges that Dr. Cabe, a physician at the Mississippi State

1

Penitentiary ("MSP"), made a request that Plaintiff be given the shoes, but that Dr. Lehman denied the request. As a result of Defendants' refusal to provide him with diabetic shoes, Plaintiff contends that he has been left mostly bedridden. He asks the Court to require Defendants to provide him with diabetic shoes and award him some $600,000 in both punitive and compensatory damages.

## Summary Judgment Evidence

Defendants Drs. Lehman and Cabe present Plaintiff's medical records and their own affidavits in opposition to Plaintiff's claims. These records show that on July 15, 2009, Plaintiff was seen at the Chronic Care Clinic at the South Mississippi Correctional Institution, and a diabetic foot screen was conducted at that time. (Mot. Summ. J., Ex. A, 3-10). On January 15, 2010, he was seen at MSP, and his medications were changed, a foot exam was performed, and a follow-up was scheduled. (*Id.* at 46-49; 60-63). On March 9, 2010, Nurse Lisa Tucker examined Plaintiff and advised him to use A&D Ointment and refrain from using a razor blade on his calluses. No other treatment was recommended. (*Id.* at 78-79). On March 26, 2010, Dr. Schafer examined Plaintiff's extremities and assessed that Plaintiff's diabetes was fairly controlled. (*Id.* at 115-17). Plaintiff was seen at the Chronic Care Clinic on July 1, 2010, and again on October 1, 2010. (*Id.* at 97-104; 403-08). At his visit to the Clinic in October, some decreased sensation over the plantar aspect of the feet was noted, and the medication "Tegretol" was ordered. (*Id.* at 406-07). When he returned for his scheduled medication follow-up on November 2, 2010, Plaintiff reported that the Tegretol had relieved some of the burning and tingling in his feet. (*Id.* at 140-41).

Plaintiff was examined at the Chronic Care Clinic in January, April, July, and October of

2011. (*Id.* at 118-24; 158-63; 193-96; 201-05). In August 2011, Dr. Santos reordered a prescription of Tegretol for Plaintiff. (*Id.* at 210). An annual foot screening was performed in October 2011, and Dr. Cabe noted that the degree of control of Plaintiff's diabetes was "good" at that time. (*Id*. at 202-04). Dr. Cabe ordered additional lab work on January 18, 2012. (*Id*. at 213). Dr. Burke examined Plaintiff on March 16, 2012, and the overall assessment was that Plaintiff was in good health aside from his chronic care issues. (*Id*. at 238). Plaintiff was again examined at the Chronic Care Clinic in June 2012. (*Id*. at 252-57).

Plaintiff was seen by Nurse Ford on October 15, 2012, and he requested diabetic shoes at that time. (*Id*. at 300-01). His feet were examined, and no swelling or abnormalities were noted. (*Id*.). On October 25, 2012, Plaintiff requested diabetic shoes during an examination performed by Dr. Cabe. Plaintiff informed Dr. Cabe that he had worn diabetic shoes in the free world. (*Id.* at 295). Dr. Cabe reported that he would request diabetic shoes, but he explained to Plaintiff that the shoes might not help his condition. (*Id*. at 296-97). Although he made the request for shoes, Dr. Cabe noted that Plaintiff's "monofilament test was negative (able to feel monofilament)." (*Id*. at 296). Dr. Lehman denied Plaintiff's request for diabetic shoes on January 24, 2013. (*Id*. at 295).

Plaintiff was again seen in the Chronic Care Clinic on December 13, 2012. (*Id*. at 312-19). A diabetic foot screen was performed on March 15, 2013, and Plaintiff's degree of control over his condition was deemed "good." (*Id.* at 335-338). On or about March 27, 2013, Plaintiff filed the instant lawsuit. On May 15, 2013, Plaintiff's request for diabetic shoes was granted. (*Id.* at 358). In his affidavit, Dr. Lehman swears that the shoes were not medically necessary, but that they were provided in the belief that Plaintiff would dismiss this action if he received the

3

shoes. (Mot. Summ. J., Ex. B, Aff. of Dr. Thomas Lehman). Dr. Cabe agrees that the shoes were not medically necessary for Plaintiff's condition, stating that they "were more of a matter of convenience and comfort." (*Id.*, Ex.C, Aff. of Dr. Lorenzo Cabe).

## Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Because Plaintiff is proceeding pro se, his pleadings are construed liberally. *Haines v.*

4

*Kerner*, 404 U.S. 519, 520 (1972).

**Discussion**

To prevail on a civil rights claim for the denial of medical care, an inmate must prove that prison authorities were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). The test for establishing deliberate indifference is "one of subjective recklessness as used in criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official is liable for deliberate indifference only if he knows an inmate faces "a substantial risk of serious harm" and disregards the risk by failing to take action to cure it. *Id*. at 847. Negligent conduct will not support a claim of constitutional injury; the prison official must have the intent to harm. *See, e.g., Mace v. City of Palestine*, 333 F.3d 621, 625-26 (5th Cir. 2003); *see also Daniels v. Williams*, 474 U.S. 327 (1986). Additionally, a plaintiff's disagreement with medical professionals as to his treatment is insufficient to state a claim of deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 2001).

Plaintiff has not presented proof that there is a genuine issue of material fact that either Drs. Cabe or Lehman disregarded a substantial risk of harm to Plaintiff by not providing him with diabetic shoes sooner. Plaintiff's medical records make it clear that he receives regular monitoring and care for his diabetic condition, and that he was prescribed the medication Tegretol to treat the numbness and tingling in his legs and feet. (*See* Mot. Summ. J, Exs. B and C). The medical records demonstrate that Dr. Cabe actually requested diabetic shoes for Plaintiff's comfort, even though he concluded that they were not medically necessary to treat Plaintiff's condition. (*See id.*, Ex. C).

Dr. Lehman and Dr. Cabe both note that diabetic shoes are designed to prevent or

minimize the deterioration of the skin. (*Id.*, Exs. B and C). Dr. Lehman declares that he denied Plaintiff's request based on Plaintiff's medical records, which showed that Plaintiff could still experience sensation in his feet, and that there had been no significant deterioration of the skin on his feet. (*Id.*, Ex. B). Plaintiff has not provided any contrary evidence. Under these facts, the initial denial of diabetic shoes for Plaintiff is a "classic example of a matter for medical judgment" that will not support a claim of deliberate indifference. *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted).

Moreover, there is no indication in Plaintiff's medical records that he has developed sores or other difficulties that might have been minimized had diabetic shoes been provided sooner, and Plaintiff has not demonstrated that any delay in receiving his diabetic shoes resulted in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993). Accordingly, Defendants Drs. Lehman and Cabe are entitled to summary judgment on Plaintiff's claim that he was denied adequate and timely medical care in violation of the Eighth Amendment.

### MDOC's Motion to Dismiss Based on Eleventh Amendment Immunity

Although the Court has already determined that Plaintiff has failed to demonstrate a violation of his Eighth Amendment rights, the Court nonetheless addresses MDOC's motion to dismiss this action on the basis of the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits in federal court by a citizen against his own state or against a state agency. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). MDOC is an arm of the State and enjoys the same immunity. *Hines v. Mississippi Dept. of Corrections*, 239 F.3d 366, 2000 WL 1741624 at *3 (5th Cir. 2000). The United States Supreme Court has stated that "[t]here can be no doubt. . . that suit against [a] State and its Board of Corrections is

barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit," *Alabama v. Pugh*, 438 U.S. 781, 782 (1978), or unless Congress has explicitly abrogated immunity. *Pennhurst*, 465 U.S. at 99.

Section 1983 does not abrogate the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981). Mississippi has not consented to the filing of § 1983 suits against it in federal court. *See, e.g., McGarry v. Univ. of Mississippi Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009) (noting that Mississippi "expressly preserved sovereign immunity to suit in federal court when it enacted the Mississippi Tort Claims Act"). Because MDOC has not consented to suit in this Court or otherwise waived its immunity, it cannot be held liable for money damages. Accordingly, Defendant MDOC's motion to dismiss is granted.

## Conclusion

Defendants Drs. Cabe and Lehman's motion for summary judgment (Doc. no. 31) is **GRANTED**. Defendant MDOC's motion to dismiss (Doc. no. 28) is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Any pending motions are **DENIED AS MOOT**. A separate judgment in accordance with this Memorandum Opinion and Order will issue today.

**SO ORDERED** this the 20th day of March, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**